**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **FRANCINE BOYD**<br>3510 Denise Drive<br>Toledo, Ohio 43614<br>　　　　　　Plaintiff,<br><br>v.<br><br>**JEEP COUNTRY FEDERAL<br>CREDIT UNION**<br>7030 Spring Meadows West Drive<br>Holland, Ohio 43528<br><br>　　　　　　Defendant. | ＊<br><br>＊<br><br><br>＊<br><br>＊<br><br>＊<br><br><br>＊<br><br>＊<br><br><br>＊ | Case No.<br><br>Judge<br><br><br>**COMPLAINT; JURY DEMAND<br>ENDORSED HEREON**<br><br>Francis J. Landry　(0006072)<br>**WASSERMAN, BRYAN, LANDRY<br>　& HONOLD, LLP**<br>300 Inns of Court Building<br>405 N. Huron Street<br>Toledo, Ohio 43604<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: Flandry308@aol.com<br>Attorney for Plaintiff<br>Francine Boyd |

　　　　　　　　＊　＊　＊　＊　＊　＊　＊

## JURISDICTION

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is a case brought by Plaintiff for racial discrimination in employment pursuant to 42 U.S.C. Section 1981. Defendant also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over State statutory claims for racial discrimination and for state common law claims for defamation of character and invasion of privacy.

## PARTIES

2. Plaintiff, Francine Boyd, is an African American citizen of the United States and a resident of the City of Toledo, State of Ohio, who was employed by Defendant from January 6, 2003 until her termination on September 3, 2013. At all times material hereto, Plaintiff was an employee of an employer within the meaning of Chapter 4112 of the Ohio Revised Code.

3. Plaintiff states that the Defendant is an employer within the meaning of Ohio Revised Code Chapter 4112. Defendant is a corporation duly organized under Ohio law with a place of business in the City of Toledo, County of Lucas, State of Ohio. Defendant at all times had more than four (4) employees and was also an employer within the meaning of Ohio Revised Code Chapter 4112.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages for discrimination, harassment, and for an unlawful termination of her employment. Plaintiff alleges that in terminating her, the Defendant did so in violation Chapter 4112 of the Ohio Revised Code by discriminating against her on the basis of race and in violation of 42 U.S.C. Section 1981.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. Section 1981–Racial Discrimination

5. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through four (4) of this complaint, supra, by reference in its entirety as if fully restated herein.

6. Plaintiff is an African American individual.

7. Plaintiff states that she was employed most recently as a Teller for the Defendant's facility located in Toledo, Ohio from January 6, 2003 until her termination on September 3, 2013. During her employment, Plaintiff was routinely subjected to disparate terms and

conditions of employment on the basis of her race. On February 18, 2009, Plaintiff was written up for not taking checks to the other office to have the checks balanced. The employer sought to place responsibility for everyone's checks upon Plaintiff. On January 10, 2010, Plaintiff was disparately denied time off when in fact she was entitled to it according to her seniority. On October 9, 2012, a Caucasian Human Resource Director informed Plaintiff that she could not use no pay days off. Plaintiff was given no reason. The Human Resource Director also refused to return Plaintiff's sick time to her. No reason was given to Plaintiff. Plaintiff states that similarly situated Caucasian employees were not treated in this manner. This discrimination caused Plaintiff to file a charge of employment discrimination on the basis of race with the Ohio Civil Rights Commission and the EEOC, Charge numbers UTOL72(35557) 10252012/22A-2013-00252C. On July 5, 2013, Plaintiff went off on sick leave for foot surgery. She returned to work on September 3, 2013. As soon as she walked in the door, she was terminated by Defendant. Plaintiff was accused of falsifying a signature card by putting her pastor on the card as her brother. This was the pastor's account. Plaintiff was told by the chairperson of the Union, UAW Local 12, to fil out the card this way for the pastor. The chairperson was a co-worker but was the new accounts person in the office whose direction Plaintiff followed. The co-worker had a relationship with this pastor through her son. The reason advanced by Defendant was false and pretextual as Plaintiff performed to reasonable standards the essential functions of the job and performed.

8. Plaintiff states that at all times material hereto she was meeting and/or exceeding legitimate employer expectations. Plaintiff states that similarly situated caucasian employees were treated more favorably than was Plaintiff and or that she was replaced by a Caucasian employee.

9. Plaintiff states that the Defendant has intentionally and/or willfully violated 42 U.S.C. Section 1981.

10. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of her job position and past and future wages and benefits. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### SECOND CLAIM FOR RELIEF
### Racial Discrimination—Ohio Revised Code Section 4112.02

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this complaint, supra, by reference in its entirety as if fully restated herein..

12. Plaintiff is an African American individual.

13. Plaintiff states that she was employed most recently as a Teller for the Defendant's facility located in Holland, Ohio from January 6, 2003 until her termination on September 3, 2013. During her employment, Plaintiff was routinely subjected to disparate terms and conditions of employment on the basis of her race. On February 18, 2009, Plaintiff was written up for not taking checks to the other office to have the checks balanced. The employer sought to place responsibility for everyone's checks upon Plaintiff. On January 10, 2010, Plaintiff was disparately denied time off when in fact she was entitled to it according to her seniority. On October 9, 2012, a Caucasian Human Resource Director informed Plaintiff that she could not use no pay days off. Plaintiff was given no reason. The Human Resource Director also refused to return Plaintiff's sick time to her. No reason was given to Plaintiff. Plaintiff states that similarly situated Caucasian employees were not treated in this manner. This discrimination caused Plaintiff to file a charge of employment discrimination on the basis of race with the Ohio Civil

Rights Commission and the EEOC, Charge numbers UTOL72(35557) 10252012/22A-2013-00252C. On July 5, 2013, Plaintiff went off on sick leave for foot surgery. She returned to work on September 3, 2013. As soon as she walked in the door, she was terminated by Defendant. Plaintiff was accused of falsifying a signature card by putting her pastor on the card as her brother. This was the pastor's account. Plaintiff was told by the chairperson of the Union, UAW Local 12, to fil out the card this way for the pastor. The chairperson was a co-worker but was the new accounts person in the office whose direction Plaintiff followed. The co-worker had a relationship with this pastor through her son. The reason advanced by Defendant was false and pretextual as Plaintiff performed to reasonable standards the essential functions of the job and performed.

14. Plaintiff states that at all times material hereto he was meeting and/or exceeding legitimate employer expectations. Plaintiff states that similarly situated caucasian employees were treated more favorably than was Plaintiff.

15. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of race in violation of Ohio Revised Code Section 4112.02.

16. Plaintiff states that at all times material hereto he was meeting and/or exceeding legitimate employer expectations. Plaintiff states that similarly situated caucasian employees were treated more favorably than was Plaintiff and/or that she was replaced by a Caucasian employee.

17. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of his job position and past and future wages and benefits. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering,

humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## THIRD CLAIM FOR RELIEF
### Retaliation—RC 4112.02(I)

18. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through seventeen (17) of this Complaint, supra, by reference in its entirety as if fully restated herein

19. Plaintiff states that she filed and participated in a charge of discrimination on the basis of race with the Ohio Civil Rights Commission, Charge Number 35557 which she filed on or about October 25, 2012 against Defendant. Defendant was aware of her participation in protected activity and of her opposition to employment practices that she believed were discriminatory on the basis of race.

20. Plaintiff states that after her charge of racial discrimination, the harassment and discrimination continued, and in fact, increased in nature and severity. Furthermore, after her charge was filed, Plaintiff was terminated on September 3, 2013. Plaintiff was falsely accused of falsifying a signature card when in fact she set up the account in question at the direction of a co-worker who was in charge of new accounts.

21. In terminating Plaintiff, Defendant has intentionally retaliated against her in violation of Chapter 4112.02(I) of the Ohio Revised Code made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

22. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and

embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## FOURTH CLAIM FOR RELIEF
### Defamation

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully restated herein.

24. Plaintiff states that on September 3, 2013, she was terminated for falsifying a customer's account. Plaintiff states that she set up the account at the direction of a co-worker who was in charge of new accounts. Plaintiff states that Defendant, on or after September 3, 2013, published these false reasons for termination to customers, vendors, and employees who did not have a need to know, with willful disregard of the truth or falsity of them and/or with deliberate knowledge that these allegations were false. As a result of these scurrilous and false allegations Plaintiff was subjected to proceedings to terminate her employment with Defendant. These allegations have also forced Plaintiff to self publish these scurrilous and false charges to potential future employers in connection with his attempts to secure employment.

25. These allegations against Plaintiff made by Defendant were false and defendant was aware of the false nature of the charges and/or acted against Plaintiff with reckless and wanton disregard of the truth of falsity of the allegations motivated by a vendetta to procure her termination which was based on actual malice.

26. Plaintiff states that in making the above referenced false allegations against Plaintiff, the Defendant has defamed Plaintiff's character and damaged her reputation as a competent employee and professional and honest individual and destroyed her employment career. Plaintiff states that the employees of Defendant, members of UAW Local 12, customers and members of

the public and future potential employers were aware or would become aware of the immediate nature of Plaintiff's termination from the Defendant and the scurrilous allegations. These allegations regarding Plaintiff's conduct were false and Defendant made such comments with reckless disregard of the truth or falsity of its allegations, without any investigation into the truth of the matters asserted.

27.     As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**Invasion of Privacy**

28.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-seven (27) of this Complaint, supra, by reference in its entirety as if fully restated herein.

29.     Plaintiff states that on September 3, 2013, she was terminated for falsifying a customer's account. Plaintiff states that she set up the account at the direction of a co-worker who was in charge of new accounts. The reasons for Plaintiff's termination were published to employees, customers of Defendant, and venders of Defendant and the public and to members of the UAW Local 12 who did not have a need to know, with willful disregard of the truth or falsity of them and/or with deliberate knowledge that these allegations were false. As a result of these scurrilous and false and uninvestigated allegations, Plaintiff was terminated from her employment. These allegations have also forced Plaintiff to self publish these scurrilous and false charges to potential future employers in connection with her attempts to secure employment.

30. Plaintiff states that the Defendant held Plaintiff in a false light and/or wrongfully intruded into his private activities in such a manner as to cause outrage or mental suffering, shame, and humiliation to a person of ordinary sensibilities. Defendant invaded Plaintiff's privacy to her damage.

31. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### SIXTH CLAIM FOR RELIEF
### Retaliation—42 U.S.C. Sections 2000e et seq.

32. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-one (31) of this Complaint, supra, by reference in its entirety as if fully restated herein

33. Plaintiff states that she filed and participated in a charge of discrimination on the basis of race with the United States Equal Employment Opportunity Commission, Charge Number 22A-2013-00252C which she filed on or about October 25, 2012 against Defendant. Defendant was aware of her participation in protected activity and of her opposition to employment practices that she believed were discriminatory on the basis of race.

34. Plaintiff states that after her charge of racial discrimination, the harassment and discrimination continued, and in fact, increased in nature and severity. Furthermore, after her charge was filed, Plaintiff was terminated on September 3, 2013. Plaintiff was falsely accused of falsifying a signature card when in fact she set up the account in question at the direction of a co-worker who was in charge of new accounts.

35. In terminating Plaintiff, Defendant has intentionally retaliated against her in Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq. on the basis of retaliation.

36. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with all lost back pay, seniority and benefits, restoration of her 401k plan or in the alternative front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief to which he may appear to be entitled.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

        s/Francis J. Landry
        Francis J. Landry, Attorney for
        Plaintiff, Francine Boyd

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

                    s/Francis J. Landry
                    Francis J. Landry